IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

QUENTIN ALAN WILSON,

        Plaintiff,                                   OPINION and ORDER

    v.                                            24-cv-499-wmc

ALTOONA POLICE DEPARTMENT,
JOHN DOE #1 and
JOHN DOE #2,

        Defendants.

_____

Plaintiff Quentin Wilson, a state prisoner representing himself, filed this lawsuit under 42 U.S.C. § 1983 against defendants Altoona Police Department, police officer John Doe #1, and police officer John Doe #2, alleging that they violated his Fourth and Fourteenth Amendment rights by: (1) threatening, harassing, and forcing his girlfriend to "cooperate" against her will; and (2) stalking and harassing him.  (Dkt. #1.)  Under 28 U.S.C. §§ 1915(e)(2) and 1915A, this court must screen and dismiss any claim brought by a prisoner that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  For the reasons explained below, the court must dismiss the complaint without prejudice for its failure to comply with the

1

Federal Rules of Civil Procedure.  However, the court will allow plaintiff an opportunity to file an amended complaint that corrects the deficiencies identified below.

## ALLEGATIONS OF FACT[1]

On August 17, 2022, plaintiff Quentin Wilson, a Wisconsin resident, was booked into the county jail.  He was given one phone call, so he called his girlfriend who informed him that officers from the Altoona Police Department had "violated [his] Fourth and Fourteenth Constitutional Amendment rights by threatening, harassing, and forcing her to cooperate against her will."  Plaintiff also alleges that the police department used residents of Altoona and defendant officers John Doe #1 and John Doe #2 to stalk and harass him.

After his release on September 15, 2022, Wilson became paranoid when leaving the house because of defendants' actions, causing him mental and emotional distress, lost sleep, job loss, and diagnoses of several psychiatric conditions, including bipolar disorder, PTSD, anxiety, and depression.

## OPINION

Plaintiff has alleged that his rights under the Fourth and Fourteenth Amendment have been violated.  However, his complaint fails to satisfy the Federal Rules of Civil Procedure.  Specifically, Rule 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Each allegation must be "simple, concise, and direct."  Rule 8(d)(1).  The primary purpose of

---

[1] Unless otherwise indicated, the allegations of fact in plaintiff's complaint are taken as true for purposes of screening.

Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, plaintiff's claims do not appear to belong in the same lawsuit. Specifically, under Rule 18, a plaintiff may bring unrelated claims against a particular defendant but cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

### A. Fourth Amendment Claim

Plaintiff claims that his Fourth Amendment rights were violated when officers from the Altoona Police Department forced his girlfriend to cooperate against her will. Plaintiff's Fourth Amendment claim suffers from two defects. First, plaintiff has not identified a proper defendant. The Altoona Police Department may only be liable under § 1983 for policies or customs that violate the constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). Here, plaintiff has not alleged that his girlfriend's forced cooperation was a result of any policy or custom. Additionally, plaintiff only vaguely refers to "officers from Altoona Police Department." If plaintiff wishes to proceed on this claim, he should name as defendants the officers responsible for violating his rights.[2]

---

[2] If plaintiff does not know the defendants' names, he should at least provide their titles and refer to

Second, even if plaintiff had identified proper defendants for this claim, his pleadings are too vague to put any defendant on notice of their alleged wrongdoing. The Fourth Amendment enshrines the right for individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. However, plaintiff has not alleged how *his* rights, versus those of his girlfriend, were violated, or even if any search or seizure took place. Indeed, his complaint only alleges that his rights were violated because his girlfriend was forced to cooperate against her will. This vague "cooperation" is insufficient to put the court or any defendants on notice of wrongdoing. It could refer to plaintiff's girlfriend being forced to participate in a search or seizure of plaintiff's property without a warrant, either of which may support a claim. *See Katz v. United States*, 389 U.S. 347, 357 (1967) (searches conducted without a valid warrant are *per se* unreasonable unless an exception applies). Alternatively, it may also refer to her being forced to answer questions as part of their investigation, involving neither a search nor seizure of plaintiff's property or person. In that case, plaintiff would likely not have a claim.[3]

For the reasons stated above, plaintiff's allegations are insufficient to support a Fourth Amendment claim and must be dismissed for failing to satisfy Rule 8.

---

them as "John Doe," "John Doe #1," "Jane Doe," or "Jane Doe #1," etc.

[3] The court also notes that *Heck v. Humphrey*, which bars any claim where "a judgment in favor of the plaintiff [in the civil suit] would necessarily imply the invalidity of his conviction or sentence," 512 U.S. 477, 487 (1994), would likely not bar plaintiff's claim because plaintiff was subsequently released and there does not appear to be a conviction that relied on the violations alleged in this lawsuit.

### B. Fourteenth Amendment Claim

Plaintiff also alleges that his Fourteenth Amendment rights were violated by: (1) defendant Altoona Police Department, who used "residents" of the city of Altoona to stalk and harass him; and (2) defendants Altoona police officers John Doe #1 and John Doe #2, who stalked and harassed plaintiff themselves.  However, plaintiff has not alleged sufficient facts to support a claim under either the Due Process or Equal Protection Clause.

First, to state a claim under the Due Process Clause, plaintiff must allege that defendants either "violated a fundamental right or liberty," *Campos v. Cook Cnty.,* 932 F.3d 972, 975 (7th Cir. 2019), or deprived him of a protected interest in life, liberty, or property without adequate process, *Reed v. Goertz*, 598 U.S. 230, 236 (2023).  Based on his allegation that defendants' activity has made him "paranoid when coming and going from [his] home," the court understands plaintiff to claim that defendants have violated his right to privacy in his movement from one place to another.  However, the Supreme Court has already held that no such right exists.  *See United States v. Knotts*, 460 U.S. 276, 281 (1983) ("A person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another.").

Second, to state a claim under the Equal Protection Clause, plaintiff must allege that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose.  *Chavez v. Ill. State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001). To demonstrate a discriminatory effect, plaintiff is required to allege that he is a member of a protected class, he is otherwise similarly situated to members of the unprotected class, and he was treated differently from members of the unprotected class.  *Id.* at 636.  Here,

plaintiff has not alleged membership in a protected class nor any other element to support this type of Fourteenth Amendment claim. Accordingly, plaintiff's Fourteenth Amendment claim also must be dismissed for failing to satisfy Rule 8.

### C. Amended Complaint and Rule 20

The Seventh Circuit has repeatedly held that a court should only deny leave to file an amended complaint "if it is certain that amendment would be futile or otherwise unwarranted." *Zimmerman v. Bornick*, 25 F.4th 491, 494 (2022); *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, (7th Cir. 2004). Here, it is possible that an amended complaint with more detailed allegations would clarify whether plaintiff has cognizable Fourth and Fourteenth Amendment claims.

To proceed with this lawsuit, therefore, the court will grant plaintiff a 30-day window to file an amended complaint, preferably on one of the court's approved forms for prisoners filing civil actions or similar form available from the prison law library. In preparing this complaint, he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) the relief he seeks in relation to those events. Given that plaintiff's claims appear to arise out of defendants' conduct when they interacted with his girlfriend and defendants' stalking and harassing behavior, he should specifically identify what happened as a result of his girlfriend's cooperation and exactly what the defendants did that caused him to believe his Fourteenth Amendment rights were violated.

Additionally, plaintiff's Fourth Amendment claim related to forcing his girlfriend to cooperate does not present questions of law or fact that are common to his Fourteenth Amendment claim related to stalking and harassment by seemingly different officers. Accordingly, if he wants to proceed on claims challenging both, he must decide which one to pursue as 24-cv-499 and proceed with the other in a separate lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Quentin Wilson complaint (dkt. #1) is DISMISSED without prejudice for failure to meet the pleading requirements of Fed. R. Civ. P. 8.

2. Plaintiff may have until **July 2, 2026,** to file a second amended complaint. Plaintiff must file this complaint using the court's prisoner complaint form, which the court will mail him along with a copy of this order.

3. If plaintiff fails to file an amended complaint that states a claim by July 2, 2026, this case will be dismissed with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute, and the court will record a strike under 28 U.S.C. § 1915(g).

Entered this 2nd day of June, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

7